# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASTITY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAWRENCE COUNTY CAREER & ) | |
| TECHNICAL CENTER, LEONARD RICH, ) | Civil Action No. 17-620 |
| MATTHEW MANGINO, ESQUIRE, ) | |
| ELLWOOD CITY AREA SCHOOL ) | Magistrate Judge Lenihan |
| DISTRICT, LEROY CORTEZ, JENNIFER ) | |
| GROSSMAN, DAVID DIGIAMMARINO, ) | |
| STEPHEN FORNATARO, MARK ) | |
| PANELLA, MARK KIRKWOOD, LAUREL ) | |
| SCHOOL DISTRICT, JEFF ) | ECF No. 88 |
| HAMMERSCHMIDT, MARY KOSEK, ) | |
| SHENANGO AREA SCHOOL DISTRICT, ) | |
| DENISE PALKOVICH, MOHAWK AREA ) | |
| SCHOOL DISTRICT, SCOTT SINGER, ) | |
| UNION AREA SCHOOL DISTRICT, ) | |
| DEBRA ALLEBACH, NESCHANNOCK ) | |
| TOWNSHIP AREA SCHOOL DISTRICT, ) | |
| JAMES MCFARLAND, WILMINGTON ) | |
| AREA SCHOOL DISTRICT, and ROBERT ) | |
| CURRY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On February 14, 2018, Defendant Lawrence County Career and Technical Center ("LCCTC") filed a Motion for Leave to Amend Answer to File Counterclaim. (ECF No. 88.) For the reasons that follow, the Court will grant LCCTC's Motion.

In support of its Motion, LCCTC argues the following: 1) no undue prejudice to Plaintiff will result if leave is granted because the factual basis of the proposed counterclaim is directly related to Plaintiff's claim that LCCTC defamed her by claiming she engaged in misconduct, and

LCCTC's defense that Plaintiff did engage in misconduct which resulted in monetary damages to LCCTC; 2) the amendment will not cause any prejudicial delay as discovery is not scheduled to close until June 29, 2018[1] and the proposed counterclaim is related to Plaintiff's defamation claim and LCCTC's defense thereto, and will not require the parties to do any additional discovery; and 3) good cause exists to permit the amendment despite the court's scheduling order requiring the amendment of pleadings by January 31, 2018.

Plaintiff responds that the motion should be denied for the following reasons: 1) the proposed amendment should be rejected as futile because any tort claims are time-barred; 2) the motion should be denied for undue delay because it is based on Plaintiff's improper compensation prior to her resignation in August 2013, and no new information previously unavailable to LCCTC has been uncovered since it initially discovered the alleged monetary losses in December 2013; 3) the motion should be denied on the grounds of bad faith, dilatory motive, and prejudice to Plaintiff.

Under the two relevant legal standards at play, the Court must grant LCCTC's Motion for Leave to Amend Answer to File Counterclaim.

**Federal Rule of Civil Procedure 15**

First, Federal Rule of Civil Procedure 15 (a)(2) provides in relevant part: "In all other cases [other than amending as a matter of course set out in Rule 15(a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court, however, may deny leave to amend if any of the following factors are present: undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of

---

[1] Since LCCTC's filing of it brief in support of the motion, the Court extended the discovery deadline to July 27, 2018. (Order, ECF No. 95.)

amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962) (courts should freely grant leave to amend, absent specified factors).

After careful review of the parties' briefs and accompanying exhibits, the Court finds no basis for denying leave to amend. The Court finds no undue delay where discovery has been extended to July 27, 2018. Nor does the Court find any evidence in the record of bad faith or dilatory motive on the part of LCCTC. Further, the Court finds no undue prejudice to the Plaintiff where LCCTC has pled truth as a defense to Plaintiff's claims of defamatory conduct.

Finally, the Court finds no futility where the relationship between Plaintiff and LCCTC relating to overtime and health insurance benefits was outlined in a written agreement; a counterclaim for breach of the written agreement or implied/quasi contract is not time barred. As noted by Plaintiff, the latest date when LCCTC would have been placed on notice of its claim was December 31, 2013, when it received the audit report in issue. LCCTC filed its original answer on November 9, 2017. LCCTC's claim for breach of contract would necessarily relate back to the filing of its original answer,[2] and is not time barred.[3]

Therefore, the Court finds no basis pursuant to Federal Rule of Civil Procedure 15 for denying LCCTC's Motion for Leave to Amend Answer to File Counterclaim.

### Federal Rule of Civil Procedure 16(b)(4)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Rule 16(b) "good cause" standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend

---

[2] "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).
[3] An action based upon a written contract, an express contract not founded upon a writing, and a contract implied in law is governed by a four-year statute of limitations. 42 Pa. Cons. Stat. Ann. § 5525.

pleadings filed after the deadline set in the scheduling order for amending pleadings. The good cause standard requires the movant to demonstrate that despite due diligence, the proposed claims could not have been reasonably sought in a timely manner. *Cordance Corp. v. Amazon.com, Inc.,* 255 F.R.D. 366, 374 (D. Del. 2009).

The Court notes that LCCTC's Motion for Leave to Amend Answer to File Counterclaim was filed just 14 days after the scheduling order deadline of January 31, 2018 to amend the pleadings. The Court further notes that LCCTC submits that in order to prepare the Counterclaim, it had to review voluminous documents, while at the same time preparing the required initial disclosures that were due on January 19, 2018. LCCTC also submits that its counsel was dealing with a serious family medical issue at this time. In light of all of the above, the Court finds good cause and will grant LCCTC's Motion for Leave to Amend Answer to File Counterclaim.

An appropriate Order will follow.

Dated: April 5, 2018

BY THE COURT

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All counsel of record
      Via electronic filing

4